**In re JOHORE INVESTMENT COMPANY (U.S.A.) INC., Debtor.**

**Bankruptcy No. 83–00555.**

United States Bankruptcy Court, D. Hawaii.

July 26, 1984.

or represents an interest adverse to the estate or one who is not a disinterested person. There is clearly a conflict of interest between Mr. Ahmad and the Debtor.

Thus, the application to employ SPC as special counsel for Debtor on a contingency fee basis is hereby denied.

H. William Burgess, Honolulu, Hawaii, for debtor.

James N. Duca, Jack Spradlin, Phyllis Spradlin, Honolulu, Hawaii, for TSL and TEI.

Earl Anzai, Schutter, Pavey & Cayetano, Honolulu, Hawaii, for Ahmad.

ORDER RE: APPLICATION TO EMPLOY SPECIAL COUNSEL FOR SPECIFIC PURPOSE ON A CONTINGENCY FEE BASIS

JON J. CHINEN, Bankruptcy Judge.

Johore Investment Company (U.S.A.) Inc., ("Debtor") requests permission to employ the law offices of Schutter, Pavey, and Cayetano ("SPC") as special counsel in an action against Territorial Savings and Loan Association ("TSL"), and Territorial Enterprises, Inc. ("TEI"), on a contingency fee basis.

SPC currently represent Mr. Tunku Osman Ahmad in both the First Circuit Court of the State of Hawaii and in the United States District Court of Honolulu for fraud and misrepresentation against TSL and TEI. Mr. Ahmad is the sole shareholder of Toa, Inc., which owns fifty per cent (50%) of the shares of Debtor.

Debtor also intends to sue TSL and TEI for fraud and misrepresentation. In addition, Debtor also has potential claims against Mr. Ahmad. If Debtor had been overcharged and defrauded, it may have claims against any "insiders", including Mr. Ahmad. Thus, Debtor's attorney has a duty to investigate the past activities of Debtor which may involve some or all of the "insiders".

11 U.S.C. § 327 prohibits the employment of any professional person who holds