**In re SIXTH AVENUE CAR CARE CENTER, a Colorado Joint Venture, Debtor.**

**Bankruptcy No. 87 B 5629 E.**

United States Bankruptcy Court, D. Colorado.

Jan. 11, 1988.

Jeffrey Cohen, Koransky, Friedman, Cohen & Solomon, Denver, Colo., for debtor.

Darrell Waas, David Brennan, Otten, Johnson, Robinson, Neff & Ragonetti, Denver, Colo., for B.A. Mortg.

## ORDER ON AMENDED APPLICATION TO APPROVE COUNSEL

CHARLES E. MATHESON, Chief Judge.

The within Chapter 11 case was filed in June, 1987. Shortly thereafter, an application was submitted on behalf of the Debtor-in-Possession to employ the law firm of Koransky, Friedman & Cohen, P.C. ("the Firm") as counsel for the Debtor-in-Possession. The application filed stated that to the best of its knowledge the Firm had "no connection with the debtor, the creditors or any other party in interest which would disqualify" the Firm. The Court entered an order granting the application on June 23, 1987.

On September 16, 1987, the Firm, on the Debtor's behalf, filed an amendment to its previously filed application for an order approving counsel. This amendment disclosed the following:

(1) The Firm represents the Debtor-in-Possession in the pending bankruptcy.

(2) The Debtor-in-Possession is a joint venture. In addition to representing the Debtor-in-Possession, the Firm represents the two joint venturers, Car Care Specialties Centers, Ltd. (CCSC) and Meredith Development Company, Ltd. (MDC); the general partners of CCSC and MDC, L.E. Fiedler, MDC and Meredith Management, Inc. (MMI); and the operator of all these entities, Meredith Organizations, Inc. of which Fiedler is the president and sole shareholder.

(3) MDC, a joint venturer of the Debtor-in-Possession and a general partner of the other joint venturer is the largest unsecured creditor in this Chapter 11 case.

(4) Meredith Organizations, Inc. is a guarantor on approximately $3.7 million of the Debtor's secured debt.

(5) Fiedler is a personal guarantor on approximately $3.7 million of the Debtor's secured debt.

(6) Meredith Organizations, Inc. has guaranteed the Firm's fees for all services to be provided to the Debtor-in-Possession in this Chapter 11 case.

At the time the original application was filed, the Debtor's schedules had not yet been filed. The Firm suggests, in its amended application, that the failure to disclose the Firm's representation of these interrelated parties may have been attribut-

able to the fact that the schedules had not yet been filed. However, the Court observes that the Firm was representing *all* of these parties, including the Debtor, as defendants in a state court civil action prior to the commencement of the Chapter 11 case. Further, under Bankruptcy Rule 9011 the Firm had an unqualified obligation to make reasonable inquiry to determine whether the original application was well grounded in fact before the same was filed.

The Bankruptcy Code provides that, with the Court's approval, the trustee "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327. The same right is granted to the debtor-in-possession pursuant to 11 U.S.C. § 1107.

Applications for appointment are made in accordance with the provisions of Bankruptcy Rule 2014. That Rule, as it was in effect on the date that the application for employment was made, provides:

An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professional persons pursuant to section 327 or section 1103 of the Code shall be made only on application of the trustee or committee, stating the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for his selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, or any other party in interest, the respective attorneys and accountants. Bankruptcy Rule 2014(a).

In the present case, the original application filed by the Firm failed to comply with Bankruptcy Rule 2014 in that it (a) failed to disclose the proposed arrangement for compensation and (b) failed to disclose the Firm's relationships with the multitude of other interested parties.

The focus under Section 327 is two-fold. The questions that must be answered are whether the Firm represented interests "adverse to the estate" and whether the Firm is "disinterested." The Code does not define "adverse interest," but does define explicitly "disinterested" in Section 101(13). It is there specified, in pertinent part, that "disinterested person" means a person that "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relation to, connection with, or interest in, *the debtor or an investment banker....or for any other reason;"* 11 U.S.C. § 101(13)(E).

The meaning of the provisions of Section 327 of the Code has been often discussed. In the case of *In re Philadelphia Athletic Club, Inc.,* 20 B.R. 328 (E.D.Pa.1982), the United States District Court described the relationship of the attorney for the fiduciary in the estate as follows:

As mentioned earlier, an attorney for the trustee in a corporate reorganization proceeding would assist the trustee in the execution of his fiduciary responsibilities to the estate of the debtor. He therefore would have a duty of loyalty to the estate, and must exercise independent professional judgment on its behalf, free from compromising influences of loyalties ... The interests of any other person, therefore, should not affect his basic judgment and responsibility to the estate ... Thus, an attorney for the trustee should not place himself in a position where he may be required to choose between conflicting interests or duties. (citations omitted). *In re Philadelphia Athletic Club, Inc.,* 20 B.R. at 337.

In that case, the court further observed that it is not merely the impropriety that must concern the court, but the appearance of impropriety which may "undermine the public's confidence in the fairness of bankruptcy proceedings." *Ibid,* at 335. *See also, In re Coastal Equities, Inc.,* 39 B.R. 304 (Bankr.S.D.Cal.1984).

In the present case, the opportunities for conflicts of interests are bountiful. Repre-

senting both a partnership debtor and the general partners of the debtor has been held sufficient to bar counsel from representing the debtor-in-possession. *In re Philadelphia Athletic Club, Inc., supra; In re 765 Associates*, 14 B.R. 449 (Bankr.D. Hawaii 1981). Further, while representation of a creditor does not necessarily disqualify counsel from representing the debtor-in-possession (11 U.S.C. § 327(c)) the opportunity for at least the appearance of impropriety is greatly multiplied when the attorney is also representing an individual and an interested corporate entity who are the guarantors for the debtor's primary secured debt in the amount of $3.7 million. Those parties, who are direct guarantors of that secured debt, may be motivated by very different desires and needs in this reorganization case since they, in effect, stand in the shoes of the secured creditor and it is difficult for the court to understand how an attorney could represent both the principal secured creditor and the debtor-in-possession in a Chapter 11 case. This multilayering of conflicts is further compounded by the fact that the individual guarantor is the controlling shareholder of the corporation which not only has guaranteed the secured debt but has also guaranteed payment of the Firm's fees in this Chapter 11 case, a payment arrangement which, the Court has observed, was not disclosed in the original employment application. An attorney who is being paid by an interested third party, such as in this case, has been held to be disqualified from representing a debtor-in-possession. *See, In re 765 Associates, supra*.

▮ The Court's concerns in this matter are heightened by the lack of disclosure at the time the original application for employment was filed. In seeking employment to represent the fiduciary in the estate, counsel has an obligation to be forthright and candid. As the Court stated in the *Coastal Equities* case:

> Finally, aside from the statutory duties outlined above, it is a well established principle that those performing duties in the administration of an estate are doing so as officers of the court. (citations omitted). Consequently, an attorney for a debtor-in-possession is an officer of the court and as such, unquestionably has a duty to be perfectly candid regarding his fitness to perform his duties. This would necessarily require a full disclosure of any connection which may have any bearing on his disinterest. *In re Coastal Equities, Inc.,* 39 B.R. at 308.

In the District of Colorado, former District Judge Winner spoke to the obligation of counsel to disclose conflicts as follows:

> An attorney is not automatically precluded from representing a party merely because he has formerly represented others who are parties to the current transaction. However, an attorney owes a fiduciary duty to the client by whom he is retained to exercise his independent professional judgment on behalf of that client ... This includes the duty to disclose any conflicts of interest that may arise from his representation of other parties. Actually, the duty goes further than simple disclosure. Given that the duty is upon the attorney to "divulge conflicts, and not upon the client to ferret them out", the attorney should not only inform the parties of the former representations, but should evaluate for himself, as well as for his client, any potential for any impropriety that might arise ... Only such reflection on the part of the attorney could lead to the "full and fair disclosure" required. Thus, the general rule that a lawyer may represent clients with potentially conflicting interests with the consent of the clients is qualified in that it must be "obvious" that he can adequately do so. (citations omitted). *Matter of King Resources Company*, 20 B.R. 191, 200–01 (D.Colo. 1982).

In the context of an attorney seeking to be appointed as counsel for a fiduciary pursuant to Section 327 of the Bankruptcy Code, the obligation of the attorney to make the disclosures admonished by Judge Winner in the *King Resources* case run not only to the client but to the Court. In the present case, the fulfillment of that obligation simply was not done. Further, to suggest or intimate that the reason it was

not done in June, 1987, is because the Debtor's schedules had not then been filed in this case simply belies the fact that the Firm had been constantly representing all of the interrelated parties and had already entered into the agreements with Meredith Organizations, Inc. by which that entity has agreed to pay the fees of the Firm in this case. *See, In re Marine Power & Equip. Co., Inc.*, 67 B.R. 643 (Bankr.W.D. Wa.1986).

■ The Firm has now filed a further amendment to the amended application. In the latest amendment it is represented that a settlement has now been effected in the state court litigation. Thus, it is argued that no further conflict "either actual or potential, exists as a result of [the Firm's] representation of the debtor in this bankruptcy proceeding." The Court's view is not as sanguine. The Court is not concerned here with the present status of the Firm's involvement, but is concerned with the qualification of the Firm to be appointed as counsel in June of 1987. Here, in the view of this Court, there are a number of factors which individually might have placed the Firm in the position of being adverse, or representing interests adverse to the estate, thereby, making the Firm not disinterested. However, it is not necessary to single out any of those items. It is the totality of the circumstances which concerns the Court.

At the risk of being repetitious, the Court recounts that the Firm has represented not only the debtor-in-possession but also its joint venturers, the general partners of those joint venturers, the underlying principal corporation and the individual who is the sole stockholder of the principal corporation. The Court cannot begin to fathom the differing interests to whom all of those parties must answer. The limited partnerships, which are the joint venturers of the Debtor corporation, presumably have limited partners to whom they must answer, and the interest of those entities may be very different from the interests of the creditors of this estate. Further, as a practical matter, the Firm must be expected to answer to the entity that holds the purse strings, the Meredith Organization, Inc., which also is a guarantor of the principal amount of the secured debt of this entity. The Court cannot understand how the Firm could be expected to independently consider the best interests of this Debtor's estate under those circumstances. Even if that hurdle could be overcome, the Court is left with the irrefutable fact that the Firm wholly failed in its obligations of candid disclosure to the Court of the multiplicity of its relationships at the time it was appointed counsel. The Court must therefore conclude that the Firm held or represented interests which were or may be adverse to this Debtor's estate, and because of that, as well as the failure of the Firm to comply with Bankruptcy Rules 9011, 2014, and 2016(b) at the time of its application, the order approving the employment of the Firm as counsel for the Debtor-in-Possession cannot stand. It must be withdrawn.

■ Disqualification of the Firm as counsel for the fiduciary can, but does not necessarily, demand entry of an order depriving it of fees from the estate. *In re Marine Power & Equip. Co., Inc., supra; In re Roberts*, 75 B.R. 402 (D.Utah 1987); *In re Coastal Equities, Inc., supra; Matter of Haldeman Pipe and Supply Co.*, 417 F.2d 1302 (9th Cir.1969). Thus, in *Roberts* the Court concluded that fees need not be deprived if the Court believes that "the need for attorney discipline is outweighed by the equities of the case." *Roberts*, 75 B.R. at 413. Here, in the Court's view, the failure to disclose is egregious. If the Firm has provided valuable services, in the final view those services have been for the benefit of Mr. Fiedler and Meredith Management, Inc. Since Meredith Management, Inc. has agreed to guarantee the payment of the fees of the Firm, it is appropriate that it fulfill that agreement. Thus, the Firm will not suffer economic harm and can be compensated for the value of whatever services it has provided to the Debtor, as opposed to the debtor-in-possession herein, by the party who truly stands to control the Firm and to gain the primary benefit from its services. Thus, even assuming that the *Roberts'* decision correctly

states the law, the equities in this case do not override the need for attorney discipline. Accordingly, it is hereby

ORDERED that this Court's Order of June 23, 1987, approving the employment of Koransky, Friedman & Cohen, P.C. as counsel for the Debtor-in-Possession is hereby withdrawn; and it is

FURTHER ORDERED that no fees or costs shall be paid out of this Debtor's estate to said Firm in connection with any services it may have provided herein; and it is

FURTHER ORDERED that the Debtor herein will have fourteen (14) days from the date of the entry of this order within which to obtain counsel to represent the Debtor-in-Possession in this case.