In re GINCO, INCORPORATED, Debtor.

The COLORADO NATIONAL BANK OF DENVER and Chapman and Cutler, Appellants,

v.

GINCO, INCORPORATED, Appellee–Debtor.

Civ. A. No. 88–M–441.

United States District Court, D. Colorado.

Dec. 19, 1988.

Robert T. McAllister, Martin, McAllister & Murphy, Denver, Colo., for Chapman & Cutler.

Harold A. Feder, Feder, Morris, Tamblyn & Goldstein, Denver, Colo., for trustee.

Paul G. Quinn, Denver, Colo., trustee.

A. Bruce Campbell, Otten, Johnson, Robinson, Neff & Ragonetti, Denver, Colo., for Colorado Nat. Bank.

## MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

On November 20, 1985, Ginco, Incorporated ("Ginco") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. On November 23, 1987, the estate's trustee filed an application in bankruptcy court for approval of the appointment of Feder, Morris, Tamblyn and Goldstein, P.C. ("FMTG") as special counsel in connection with certain state litigation involving lender liability claims that had been filed in Denver District Court on September 24, 1987 on behalf of Ginco and its former principal, Richard Ginder. The trustee's application was approved by order of February 24, 1988; reconsideration was denied on March 7, 1988. This court, under the jurisdiction provided by 28 U.S.C. § 158(a), now reverses the order of the bankruptcy court.

■ The bankruptcy judge incorrectly evaluated the trustee's application under 11 U.S.C. § 327(e), a section relevant only where the proposed representation involves counsel that has *previously* represented the debtor. In this case, as admitted by counsel, there had been no prior representation of the debtor by FMTG. Although FMTG initiated the state litigation on behalf of Ginco several months before the trustee petitioned the bankruptcy court for approval, such unauthorized activity cannot be construed as prior representation of the debtor by FMTG. *See generally, In re Arkansas Co., Inc.,* 798 F.2d 645 (3d Cir. 1986) (court refuses, absent extraordinary circumstances, to retroactively approve employment of counsel because such leniency would subvert Congress' purpose in imposing a prior approval requirement). The bankruptcy judge erred by evaluating the

appointment of FMTG under subsection (e)'s "best interest of the estate" test.

Subsection (a) should have been applied. Under that provision, the trustee may employ attorneys only if they are "disinterested persons." That standard is a strict one, "broad enough to include anyone who in the slightest degree might have some interest or relationship that would color the independent and impartial attitude required by the Code." 2 Collier on Bankruptcy § 327.03 at 327–19, 20 (15th ed.1985).

■ Under either subsection, the trustee may not employ an attorney who represents an interest adverse to the estate. Under section 327(e), appointment of counsel may be approved if that person "does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." Subsection (a) imposes a more stringent adverse interest test: An attorney may not "hold or represent an interest adverse to the estate" in *any* matter. In the pending state litigation, FMTG already represents Richard Ginder—the principal shareholder, officer, and debt-guarantor of the corporation. Mr. Ginder may have an equity interest in Ginco and is a potential target for claims of corporate mismanagement. Under those circumstances, dual representation by FMTG of the estate and Mr. Ginder is a sufficient conflict to be an adverse interest under both subsection (a) and subsection (e). *See In re Kendavis Industries International, Inc.,* 91 B.R. 742 (Bankr.N.D. Texas 1988);

This court recognizes that some courts have adopted a "wait and see" attitude under which appointment of counsel is approved—even in cases of potential conflict of interest—under the belief that any such conflicts can later be negated through careful allocation of any assets recovered. *See, e.g., In re Iorizzo,* 35 B.R. 465 (Bankr.E.D. N.Y.1983). The justification is the difficulty in obtaining counsel to prosecute claims for the debtor's estate. The bankruptcy judge in this case acknowledged that FMTG's dual representation of the debtor and Mr. Ginder created a potential conflict

of interest. Nevertheless, appointment of FMTG was approved because the judge feared that the debtor—a seriously insolvent estate—would be unable to engage other counsel, and therefore unable to go forward with potentially meritorious claims.

This court rejects that rationale. The protection of the integrity of the bankruptcy process is more important than the potential loss of assets for a particular estate. The literal language of the law must be respected and followed. Section 327 was enacted as part of the Bankruptcy Reform Act of 1978. That Act was designed, in part, "to eliminate the abuses and detrimental practices that had been found to prevail." *In re Arkansas,* 798 F.2d at 649. The House Report emphasized that, in practice, "the bankruptcy system operates more for the benefit of attorneys than for the benefit of creditors." H.R. No. 595, 95th Cong., 2d Sess. 92, *reprinted in* 1978 U.S. Code Cong. & Ad. News 5787, 6053. Circumvention of the requirements of section 327(a) would frustrate the concerns expressed by Congress. This court will adhere to the literal language of section 327(a), and therefore disapproves of the employment of FMTG by the trustee. *See, e.g., Bohack Corp. v. Gulf & Western Industries, Inc.,* 607 F.2d 258 (2d Cir.1979) (counsel disqualified based upon potential conflict of interest created by dual representation of debtor corporation and its chairman of the board); *In re Johore Investment Co., Inc.,* 41 B.R. 318 (Bankr.D. Hawaii 1984) (special counsel not allowed to represent both the debtor corporation and its principal owner); *Roger J. Au & Son, Inc. v. Aetna Ins. Co.,* 64 B.R. 600 (Bankr.N.D. Ohio 1986) (attorney simultaneously representing debtor corporation and its sole shareholder disqualified under Code of Professional Responsibility for creating appearance of impropriety).

Upon the foregoing, it is

ORDERED, that the order of the bankruptcy judge entered on February 24, 1988, granting the trustee's application for approval of appointment of special counsel and allocation of litigation costs, is reversed.