**In re WESTERN OFFICE PARTNERS, LTD., a Colorado limited partnership, Debtor.**

**Bankruptcy No. 86–B–10448–M.**

United States Bankruptcy Court, D. Colorado.

Sept. 14, 1989.

---

Jay E. Goldstein, Rubner & Kutner, P.C., Denver, Colo., for debtor.

Martin E. Long, Denver, Colo., Chapter 7 trustee.

## MEMORANDUM OPINION AND ORDER ON AMENDED APPLICATION FOR FINAL ALLOWANCE OF ATTORNEY'S FEES

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court on the Amended Application for Final Allowance of Attorney's Fees filed by Rubner & Kutner, P.C., on March 21, 1989. The Court, after hearing, having extensively reviewed the file and being advised in the premises, makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. On October 31, 1986, Western Office Partners, Ltd., Debtor herein ("Debtor"), filed for protection with this Court under Chapter 11, Title 11, United States Code.

2. On November 12, 1986, the law firm of Koransky, Friedman & Cohen, P.C. filed an Application for Order Approving Employment of Attorneys ("Application"). That Application stated:

> To the best of the Debtor's knowledge and belief, the partners and associates of Koransky, Friedman & Cohen, P.C. have no connection with the Debtor, the Creditors, or any other party in interest which would disqualify Koransky, Friedman & Cohen, P.C. from acting as counsel for Debtor herein. To the best of the Debtor's knowledge, information and belief, Koransky, Friedman & Cohen, P.C. does not represent or hold any interest adverse to the Debtor or to the estate of the Debtor in the matters upon which it is being engaged. The Debtor believes that the employment of Koransky, Friedman & Cohen, P.C. would be in the best interest of the estate. A copy of the Affidavit of Proposed Attorney is attached hereto, made Exhibit A, and incorporated herein by this reference.

3. The November 12, 1986 Application further stated: "A non-Debtor third party has guaranteed payment to Koransky, Friedman & Cohen, P.C."

4. On November 18, 1986, Judge John McGrath denied in part the Application of Koransky, Friedman & Cohen to become the attorneys for the Debtor, and required disclosure of the third party which was paying the attorney's fees.

5. On December 22, 1986, the law firm of Koransky, Friedman & Cohen, P.C. filed a response which disclosed that the party

paying the attorney's fees for the Debtor was Meredith Organization.

6. On March 27, 1987, Judge Roland J. Brumbaugh issued an Order, refusing to modify Judge McGrath's November 18, 1986 Order, and stated:

[A] response to that order was filed stating that the Meredith Organization (Meredith) would be the third-party guarantor. That mere statement does not satisfy Bankruptcy Rule 2016 and the Court will therefore not modify its order of November 18, 1986, calling for full disclosure of the guarantor of attorney's fees for attorneys for a debtor in a Chapter 11.

WHEREFORE, IT IS ORDERED that the Court declines to modify its order of November 18, 1986 concerning the employment of counsel for the Debtor.

7. Mr. Lawrence E. Fiedler was the President of Meredith Organization, Inc. and was also the President of Meredith Organization, Inc. of Colorado. Mr. Fiedler was also a general partner of this Debtor, Western Office Partners, Ltd.

8. On April 29, 1987, Judge Brumbaugh approved the law firm of Holme, Roberts & Owen as special counsel, only, for the Debtor in a related lawsuit in Denver District Court.

9. It is necessary to turn to a related bankruptcy case at this time. Mr. Fiedler, the general partner of this Debtor, and the individual ultimately funding this bankruptcy case as President of Meredith, was also the principal in Sixth Avenue Car Care Center, a Colorado limited partnership which filed for Chapter 11 protection before the Bankruptcy Court on May 14, 1987, case number 87–B–05629–E. Judge Charles E. Matheson was the judge appointed in and responsible for that case.

10. Sixth Avenue Car Care Center was a joint venture, 65% owned by Meredith Development Company, L.P., a Delaware limited partnership, and 35% by Car Care Specialty Centers, Ltd., a Colorado limited partnership. Koransky, Friedman & Cohen, P.C. filed an application before the Bankruptcy Court on May 20, 1987 for an order approving that firm as attorneys for the debtor, Sixth Avenue Car Care Center, ("Sixth Avenue Application").

11. On September 16, 1987, the law firm of Koransky, Friedman & Cohen filed an amendment to its previously filed Sixth Avenue Application. The amendment disclosed the following:

(1) The Firm represents the Debtor-in-Possession in the pending bankruptcy.

(2) The Debtor-in-Possession is a joint venture. In addition to representing the Debtor-in-Possession, the Firm represents two joint venturers, Car Care Specialties Centers, Ltd. (CCSC) and Meredith Development Company, Ltd. (MDC); the general partners of CCSC and MDC, L.E. Fiedler, MDC and Meredith Management, Inc. (MMI); and the operator of all these entities, Meredith Organizations, Inc. of which Fiedler is the president and sole shareholder.

(3) MDC, a joint venturer of the Debtor-in-Possession and a general partner of the other joint venturer is the largest unsecured creditor in this Chapter 11 case.

(4) Meredith Organizations, Inc. is a guarantor on approximately $3.7 million of the Debtor's secured debt.

(5) Fiedler is a personal guarantor on approximately $3.7 million of the Debtor's secured debt.

(6) Meredith Organizations, Inc. has guaranteed the Firm's fees for all services to be provided to the Debtor-in-Possession in this Chapter 11 case.

12. On January 11, 1988, Chief Judge Charles E. Matheson issued an Order which denied all fees to Koransky, Friedman & Cohen, P.C. for its failure to properly disclose that firm's conflicts of interest with Sixth Avenue Car Care Center, the debtor, and Meredith and Fiedler. Judge Matheson's decision was published as *In re Sixth Ave. Car Care Center*, 81 B.R. 628 (Bankr. D.Colo.1988). Judge Matheson's detailed, well-reasoned decision held that disqualification due to the conflicts of interest of Koransky, Friedman & Cohen, P.C. as counsel for the fiduciary demanded entry of an order withdrawing the Court's ap-

proval of employment of Koransky, Friedman & Cohen, P.C. as counsel for the debtor-in-possession, Sixth Avenue Car Care Center, and denying the firm of all fees and costs from its representation of the debtor.

13. Koransky, Friedman & Cohen, P.C. subsequently petitioned for withdrawal as counsel for the debtors in this, Western Office Partners, Ltd., bankruptcy case and the Court approved that petition to withdraw.

14. On June 24, 1988, the law firm of Rubner & Kutner, P.C., petitioned for an order to appoint that firm as substitute counsel for the limited purpose of responding and representing the Debtor-in-Possession with regard to the Motion toi (sic) Dismiss or Convert filed by the United States Trustee. That petition was granted, routinely, by this Court on June 27, 1988.

15. In its application to become replacement attorneys for the Debtor, Rubner & Kutner, P.C. stated: "To the best of Applicant's knowledge, Rubner & Kutner, P.C. has no connection with any creditor or other party in interest in the within case except as disclosed in its affdiavit [sic] attached hereto as Exhibit A." In that affidavit, an attorney for Rubner & Kutner, P.C. stated: "To the best of my knowledge, Rubner & Kutner, P.C. does not represent any party in interest adverse of the Debtor and further is a disinterested party as that term is defined in 11 U.S.C. Section 101(B)."

16. On August 3, 1988, Rubner & Kutner, P.C. amended its application to become attorneys for the Debtor. The affidavit of Paul D. Rubner attached to that application stated:

> Rubner & Kutner, P.C. in the past represented Meridith [sic] Organization, Inc. and Lawrence E. Fiedler, general partners of the Debtor, Western Office Partners, Ltd. Rubner & Kutner, P.C. represented these persons and/or entities together with certain other persons and/or entities, for the limited purpose of seeking to vacate default judgments which had been entered in an unrelated State Court action against these persons

and/or entities on guarantee agreements. That State Court litigation has now been dismissed by the Plaintiff and our representation in that matter has been concluded.

> To the best of my knowledge, Rubner & Kutner, P.C. does not represent any party-in-interest adverse to the interest of the Debtor and further is a disinterested party as that term is defined in 11 U.S.C. § 101(13).

17. Rubner & Kutner, P.C. failed to submit a proposed Order or request that the Court sign an Order approving employment after disclosure of this new, previously unknown, information. Counsel did not provide notice of such "amendments" pursuant to Local Rule 23, which provides for notice and a period of time to object to creditors or others in lieu of a hearing. The matter was not brought to the Court's attention by motion, Rule 23, a proposed order, or otherwise; the new information was simply filed in the Court file.

18. A hearing was held before this Court on August 17, 1988, pursuant to motion of the United States Trustee to dismiss or convert the within case. This Court ordered that this case be converted from Chapter 11 to Chapter 7.

19. On September 8, 1988, Rubner & Kutner, P.C. filed its motion to withdraw as attorneys for this Debtor, stating that the Court granted the United States Trustee's Motion to Convert the Chapter 11 case to one under Chapter 7 and that the law firm had completed the limited services which it agreed to provide for Debtor.

20. This Court approved Rubner & Kutner, P.C.'s motion to withdraw on November 2, 1988.

21. On November 11, 1988, the law firm of Rubner & Kutner, P.C. applied for attorney's fees and costs totaling $4,594.09. In this fee application, Rubner & Kutner, P.C. erroneously stated: "In its Application, Rubner & Kutner, P.C. disclosed its past representation of Meredith Organization, Inc. and Lawrence E. Fiedler, general partners of the Debtor, in an unrelated state court action which has concluded."

22. The Debtor, by and through its special litigation counsel, the law firm of Holme, Roberts & Owen, on December 12, 1988 filed an objection to the application of Rubner & Kutner, P.C. for payment of fees. This objection was withdrawn with no reason given on March 7, 1989.

23. Rubner & Kutner, P.C.'s application for fees dated November 11, 1988, requested allowance of fees and costs as an administrative expense of the Debtor's Chapter 11 case. However, the case had been converted to Chapter 7 on August 17, 1988, so on March 13, 1989, this Court issued an Order Regarding Compliance With Rules noting those facts.

24. On March 21, 1989, Rubner & Kutner, P.C. filed an amended application for final allowance of attorney's fees. In this final application, the law firm of Rubner & Kutner, P.C. erroneously stated "it its application Rubner & Kutner, P.C. disclosed its past representation of Meredith Organization, Inc. and Lawrence E. Fiedler as general partners of the Debtor in an unrelated state court action which has concluded." In addition, this application for fees also requested this Court to "make and enter an order that the allowance of Rubner & Kutner, P.C.'s attorney's fees and costs in the amount of $4,595.09 constitutes and has the priority of an administrative expense of the Debtor's Chapter 11 case" although this case had been converted to Chapter 7 more than seven months before.

25. This Court issued an Order on April 21, 1989 for a hearing on Rubner & Kutner, P.C.'s application for fees. The hearing was held on June 15, 1989.

26. At the hearing held before this Court on June 15, 1989, Paul D. Rubner, who had been the attorney who had filed the amended application for attorney's fees which had disclosed the conflicts, and who was apparently the attorney who was aware of those conflicts, did not appear. Rather, Jay Goldstein, an associate of the law firm of Rubner & Kutner, P.C., appeared on behalf of the law firm. Mr. Goldstein was unable to inform the Court of the specific details of the firm's representation of Meredith Organization, Inc., and/or Fiedler, or of evident conflicts of interest, which was a principal reason the hearing was set.

## CONCLUSIONS OF LAW

The Bankruptcy Code mandates that a debtor obtain court approval to employ an attorney, and that the application for such approval disclose any possible conflict of interest. Section 327 of the Bankruptcy Code states as follows:

[T]he trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title. 11 U.S.C. § 327(a).

Correct employment of professionals applies to all Chapter cases, certainly including Chapter 11.

Section 1107(a)[1] [of the Bankruptcy Code] places the debtor in possession in the shoes of a trustee in every way.... Under both the Bankruptcy Code and the applicable rules of bankruptcy procedure prescribed by the Supreme Court, therefore, it is plain that the present debtor in possession was not authorized to employ an attorney without the approval of the bankruptcy court.

*Matter of Triangle Chemicals, Inc.*, 697 F.2d 1280 at 1284 (5th Cir.1983).

The Bankruptcy Rules implement specific and clear procedures for insuring full and meaningful disclosure of prospective professionals who might have conflicts of interest, or who hold adverse interests to the estate or who may not be a disinterest-

1. "Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in section 1106(a)(2), (3) and (4) of this title, of a trustee serving in a case under this chapter." 11 U.S.C. § 1107(a).

ed person. Indeed, Bankruptcy Rule 2014 [2] is a mandate that all employment of professionals by debtors be *only* after disclosure, *inter alia*, of that professional's "connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants." B.R. 2014.

The case law requiring disclosure of conflicts is clear.

In *Matter of King Resources Co.*, 20 B.R. 191 at 200 (D.Colo.1982), Judge Winner held as follows:

> [A]n attorney owes a fiduciary duty to the client by whom he is retained to exercise his independent professional judgment on behalf of that client. ABA Code of Professional Responsibility, Canon 5, EC 5–18. This includes the duty to disclose any conflicts of interest that may arise from his representation of other parties. Actually, the duty goes further than simple disclosure. Given that the duty is upon the attorney to 'divulge conflicts, and not upon the client to ferret them out,' the attorney should not only inform the parties of the former representation, but should evaluate for himself, as well as for his client, any potential for impropriety that might arise.

In *In re Sixth Ave. Car Care Center*, *supra* at 631, Judge Matheson held as follows:

> In the context of an attorney seeking to be appointed as counsel for a fiduciary pursuant to Section 327 of the Bankruptcy Code, the obligation of the attorney to make the disclosures admonished by Judge Winner in the *King Resources* case run not only to the client but to the Court.

The case law regarding what the Court is to do when conflicts are not disclosed to the Court is equally clear. Attorney's fees will be denied and, if necessary, recovered, if attorneys were improvidently employed by debtor, even if employed with Court approval.

> Where an attorney has failed to be forthright in disclosing potential conflicts of interest or disclosing his financial transactions or arrangements so that the Court can make an informed judgement, denial of compensation has been recognized as being an appropriate remedy. *In re Flying E Ranch Co.*, 81 B.R. 633 (Bankr.D.Colo.1988).

This reflects the practice prevalent in virtually all jurisdictions. "[If an attorney seeking compensation] was subject to conflicting interests, he should be denied compensation. It is no answer to say that fraud or unfairness were not shown to have resulted." *Woods v. City Nat'l Bank & Trust Co.*, 312 U.S. 262 at 268, 61 S.Ct. 493 at 497, 85 L.Ed. 820 (1941). "[T]he rule this Court adopts is that where a conflict of interest is apparent, all fees should be denied unless for exceptional reasons partial compensation should be allowed." *In re Kendavis Industries Intern., Inc.*, 91 B.R. 742 at 762 (Bankr.N.D.Tex.1988). "An attorney who seeks to represent the debtor must fully disclose at the time the application for employment is made all connections with the debtor, creditors, and other parties in interest.... The courts have consistently held that failure to comply with the disclosure requirement is an independent basis for denial of fees." *Diamond Lumber v. Unsecured Creditors' Committee*, 88 B.R. 773 (N.D.Tex.1988).

Requiring full disclosure prior to employment of counsel and other professionals for

---

**2.** Bankruptcy Rule 2014. Employment of Professional Persons. (a) Application for and Order of Employment. "An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327 or § 1103 of the Code shall be made only on application of the trustee or committee, stating the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants."

the Debtor, which is mandated and not simply optional under Section 327 and B.R. 2014, is the key to avoiding conflicts of interest, "interests adverse to the estate," and persons not "disinterested," from controlling or steering the estate. Meaningful disclosure is the key to proper employment of professionals and, not incidentally, to more fully and fairly protecting all claims and interests of third parties.

Most important, requiring notice and full disclosure better insures the integrity of the bankruptcy system. As Judge Richard P. Matsch so aptly stated:

> The protection of the integrity of the bankruptcy process is more important than the potential loss of assets for a particular estate. The literal language of the law must be respected and followed (Section 327).
>
> *In re Ginco, Inc.; Colo. Nat'l Bank of Denver and Chapman and Cutler v. Ginco, Inc.,* No. 88–M–0441; Judge Richard P. Matsch [105 B.R. 620] (D.Colo. Dec. 19, 1988).

This matter before the Court has facts that are not only similar to Judge Matheson's published opinion in *In re Sixth Ave. Car Care Center, supra,* but actually has many of the same facts and identical parties. This Court finds it astounding that on January 11, 1988, Judge Matheson published a decision denying all fees to the law firm of Koransky, Friedman & Cohen for its conflicts of interest with the Meredith Organization, Inc. and its president, Lawrence E. Fiedler, and the law firm's failure to disclose those conflicts, and the fact that on June 24, 1988, the law firm of Rubner & Kutner, P.C. did virtually the same thing which ultimately denied Koransky, Friedman & Cohen its attorney's fees. What makes the conduct—failure to disclose—still more astonishing is that this case involved, literally, the same people who were involved in the Sixth Avenue Car Care Center proceeding, and representation was un-

dertaken after both Judge McGrath and Judge Brumbaugh had earlier refused employment to counsel in this case for failure to fully disclose persons connected to and/or having an (adverse) interest with the Debtor.

■ The Court concludes that Rubner & Kutner, P.C. is not entitled to payment of its attorney's fees for two reasons. First and principally, as documented above, the attorneys failed to disclose, when employed, a significant relationship with third persons who held an adverse interest to the estate and this was done in a factual setting where it was virtually impossible for counsel to not know that disclosure was important and necessary.

Second, it is arguable that Debtor's estate received any benefit whatsoever, or value, from the services rendered by Rubner & Kutner, P.C. The only reason counsel was retained was to oppose the United States Trustee's motion to dismiss. The only pleading filed by counsel with the Court, except those relating to employment, withdrawal, and payment of attorney's fees, was a motion for continuance of the hearing on the United States Trustee's Motion to Dismiss or Convert, which was filed August 15, 1988, two days prior to the hearing.[3] "In the final analysis the Court ... must make a subjective evaluation of the reasonableness of the fees sought in light of the service rendered ... and the results achieved." *In re Frontier Airlines, Inc.,* 74 B.R. 973 (Bankr.D.Colo. 1987).

■ This Court finds it significant that virtually every judge in this District who has dealt with this particular case and related parties (McGrath, Brumbaugh, and Matheson), and every judge who has dealt with the issue of full disclosure prior to employment of counsel (Winner, Matsch, Matheson) have, in writing, alerted all persons that timely notice and meaningful disclosure of necessary information is a requi-

---

**3.** Debtor's counsel argues that their services somehow allowed the Debtor to obtain a substantial judgment in state court litigation. That litigation, however, was handled exclusively by another firm, Holme, Roberts & Owen. Debtor argues that it was necessary to defend against

the conversion to Chapter 7, and incur the legal fees in doing so, but it was the Trustee, with Holme, Roberts & Owen, who was able to successfully conclude the litigation after conversion.

site prior to employment of professionals, and not incidentally, payment of fees of professionals. Those decisions, that history, and this Opinion, should all send an unqualified and undiluted message to all practitioners: Timely notice and meaningful disclosure is required for employment of counsel and payment of counsel's fees.

### ORDER

IT IS THEREFORE ORDERED that the law firm of Rubner & Kutner, P.C. is denied its fees for the representation of Western Office Partners, Ltd.