In re NEIDIG CORPORATION, Debtor.

**LAW OFFICE OF J.E. LOSAVIO, JR., Appellant,**

v.

**TRUSTEE AND CREDITORS' COMMITTEE, Appellees.**

No. 89–K–106.
Bankruptcy No. 87 B 7244 M.

United States District Court,
D. Colorado.

May 4, 1990.

J.E. Losavio, Jr., Michael E. Lajoie, Office of J.E. Losavio, Jr., Pueblo, Colo., for Neidig Corp.

Darby N. Moses, Arnold C. Wegher, Denver, Colo., for Carole Carson, Trustee.

Kelly Lambert, U.S. Trustee, Denver, Colo., pro se.

Carole Carlson, Pueblo, Colo., Chapter 11 Trustee, pro se.

Richard E. Young, Denver, Colo., for Creditors Committee.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

The law offices of J.E. Losavio, Jr. ("Losavio") appeal the bankruptcy court's decision denying Losavio's application for employment as the attorney for the debtor-in-possession, the Neidig Corporation, and ordering Losavio to refund to the estate attorney fees previously paid to Losavio. Losavio contends that the court's decision was in error because there was no conflict of interest preventing its employment under § 327(a) of the Bankruptcy Code. I affirm.

### I. *Facts.*

On June 19, 1987, the Neidig Corporation filed its petition for reorganization under Chapter 11 of the Bankruptcy Code. The corporation operated radio station KRMX in Pueblo, Colorado. Andres O. Neidig was the president and sole shareholder of the corporation. Daniel R. Casias initially represented the corporation in these bankruptcy proceedings. Casias was permitted to withdraw from the case, and on May 16, 1988, Losavio filed an application for employment as the Neidig Corporation's attorney under § 327 of the Code and Bankr.R. 2014. In the application, Losavio stated, "To the best knowledge of the Debtor and [Losavio], the attorneys have no interest adverse to the Debtor or its estate in any of the matters upon which they are to be engaged, and their employment would be in the best interest of the estate." R. Vol. I., Doc. 34 at 1.

On May 27, 1988, several creditors filed a motion objecting to Losavio's appointment.

In their objection, the creditors noted that Losavio had previously been the personal attorney of Mr. Neidig and had represented him personally with respect to the bankruptcy of the Neidig Corporation. They additionally stated that Losavio had acted in a fiduciary capacity with respect to certain stock certificates in the Neidig Corporation in which Mr. Neidig and his former wife, Kristy Ann Neidig, held an interest. Ms. Neidig was also a creditor of the Neidig Corporation. Because of these conflicts of interest, the creditors requested that Losavio's application for appointment as the debtor-in-possession's attorney be denied. For reasons not germane to this appeal, a hearing on this and other matters was continued for several months.

On October 25, 1988, the court held a hearing on Losavio's application and several other pending motions in the Neidig Corporation's bankruptcy case. At this hearing, evidence was presented that Losavio continued to represent Mr. Neidig in personal matters regarding his divorce, the sale of his stock in the Neidig Corporation to a third party, and in a forcible entry and detainer action involving his home. The testimony of Mr. Neidig revealed that he had paid Losavio legal fees for the firm's representation of the Neidig Corporation in this bankruptcy without court approval. Losavio had also represented Mr. Neidig's mother, Isabell Neidig, in certain personal matters. Isabell Neidig was the secretary of the Neidig Corporation and had kept the books and financial records of the corporation. Because of concerns that Andres and Isabell Neidig had been draining the corporation of funds and other assets, counsel for the creditors again argued against the appointment of Losavio as the attorney for the debtor-in-possession.

At the conclusion of the hearing, the bankruptcy court ruled that Losavio's application should be denied. First, it found that Losavio did not comply with Bankr.R. 2014, which requires the attorney applying for employment under § 327 to submit a verified statement regarding the attorney's connections with parties in interest in the

bankruptcy case. *See* R.Supp. Vol. II at 91. More importantly, the court found

> indeed, compelling facts to deny the motion to—or application to employ Mr. Losavio to represent this debtor-in-possession. The Court, in its notes, does not—can't recall everything that has a conflict or an appearance of a conflict, but under the controlling case law, this Court has very little question whatsoever as to whether or not Mr. Losavio's firm properly qualifies as counsel for the debtor, either debtor-in-possession or Chapter 7 debtor or anything. The conflicts appear to be frequent. The appearances of conflict appear to be severe.
>
> Mr. Losavio and/or members of his firm have represented Mr. and Mrs. Neidig—that's Isabell Neidig, not the former Ms. Neidig, Kristy Neidig—in personal matters during this past several months, which was concurrent with the pendency of this Chapter 11 case. He has been a stake holder, evidently, of stock which is sharply in dispute between Kristy Neidig and Mr. Neidig. He has represented divorce from, or dissolution of marriage with Ms. Neidig. He has received payments from Isabell Neidig and Mr. Neidig and/or the corporation. Mr. Losavio has received payments for attorney's fees on behalf of this debtor and has not yet even been appointed. Perhaps equally significantly, he hasn't even applied to this Court for approval of those fees as is required by the Bankruptcy Code and by the Bankruptcy rules.
>
> They've broken most all the rules for proper representation of a debtor-in-possession, and have broken most all the rules applicable when they received compensation from a debtor-in-possession.

*Id.* at 91–92. Finally, the court ordered Losavio to submit a complete and accurate disclosure of all fees received from the Neidig Corporation or Mr. Neidig during the pendency of this bankruptcy case. On January 6, 1989, the court reaffirmed its

ruling on Losavio's motion to reconsider. Losavio now appeals.

## II. *Appointment of Attorneys Under § 327 of the Bankruptcy Code.*

█ Section 327 of the Bankruptcy Code governs the appointment of professional persons in a bankruptcy case. Under this section, the trustee or the debtor-in-possession,[1] with the court's approval, "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that [sic] do not hold or represent an interest adverse to the estate, and [sic] that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Bankruptcy Rule 2014 further requires the debtor-in-possession requesting the appointment of a professional person to make specific application to the court. Bankr.R. 2014(a). The application must be accompanied by "a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants." *Id.* The term "disinterested person" is defined by the Code, in pertinent part, as a person who "is not a creditor, an equity security holder or an insider" and "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the debtor . . . or for any other reason." *Id.* § 101(13)(A), (E). The bankruptcy court's decision denying the appointment of a professional person, such as an attorney, is reviewed for an abuse of discretion. *See* 2 *Collier on Bankruptcy* ¶ 327.03 at 327–15 (L. King 15th ed. 1990).

█ In this case, there is little question that the bankruptcy court did not abuse its discretion in rejecting the application of the Losavio firm and requiring it to return any legal fees it received. To rule otherwise would have been an abuse of discretion. There is overwhelming, undisputed evi-

---

**1.** Under § 1107 of the Code, the debtor-in-possession in a reorganization case, subject to certain limitations, is granted the powers of a Chapter 11 trustee. 11 U.S.C. § 1107(a).

dence in the record that the firm represented Mr. Neidig in his individual capacity in matters directly impacting the assets available to the bankruptcy estate. This is clearly a conflict of interest sufficient to deny Losavio's § 327 application, especially in light of the allegations that Mr. Neidig breached his fiduciary duty as an officer and director of the debtor-in-possession to account for and maintain the assets of the bankrupt corporation. *See, e.g., Colorado Nat'l Bank v. Ginco, Inc. (In re Ginco, Inc.)*, 105 B.R. 620, 621–22 (D.Colo.1988) (noting that "disinterested person" requirement is a strict one and disqualifying attorney who previously represented the principal officer-shareholder of corporation); *In re Flying E Ranch Co.*, 81 B.R. 633, 633–34 (Bankr.D.Colo.1988) (failure to disclose potential conflicts in application for employment merited firm's disqualification); *In re Sixth Ave. Car Care Center*, 81 B.R. 628 (Bankr.D.Colo.1988) (holding that even the appearance of impropriety justified the disqualification of firm that had represented creditors of insider of debtor).

■ Likewise, the bankruptcy court's decision requiring Losavio to disgorge the fees it received from the Neidig Corporation and/or Mr. Neidig was not an abuse of discretion. Losavio's failure to file a Rule 2014 affidavit as to potential conflicts, its continued representation of Mr. Neidig and his mother in personal matters during the pendency of its § 327 application and its receipt of funds without disclosure or court approval is more than adequate grounds to deny the firm compensation for the services it performed.

> The court is authorized to deny compensation or reimbursement for expenses to any professional person if, at any time during the person's employment, such person is not "disinterested." This sanction, contained in section 328(c), puts teeth into the requirement of disinterestedness. It is incumbent upon the professional to disclose to the court any material fact which may relate to disinterestedness.

2 *Collier on Bankruptcy* ¶ 327.03 at 327–23 to –24 (L. King 15th ed. 1990); *see also*

*In re B.E.S. Concrete Prods., Inc.*, 93 B.R. 228, 235–37 (Bankr.E.D.Cal.1988) (fees denied for failure to file Rule 2014 disclosure); *In re Sixth Ave. Car Care Center*, 81 B.R. at 631–32 (disqualification of firm for nondisclosure mandated deprivation of fees); *In re Roberts*, 46 B.R. 815, 846–47 (Bankr.D.Utah 1985) (law firm's application for compensation disallowed because firm failed to disclose conflicting involvement with corporate debtor and its principals), *aff'd in relevant part*, 75 B.R. 402 (D.Utah 1987).

■ IT IS ORDERED that the bankruptcy court's ruling in this case is affirmed. The appeal is frivolous. The appellees shall have their costs on appeal, including attorney fees. This case is remanded to the bankruptcy court for a determination of those costs and fees. Such determination shall include consideration of whether and to what extent such costs and fees should be born by the debtor or its counsel.